M. F. FASQUELLE AND JAMES N. VAN SICE v. DENNIS J. KENNEDY.

*Justice's court—Title of garnishment proceedings.*

The provision that a suit in garnishment ."may be entered on the [justice's] docket as suits in other cases" (How. Stat. § 8035) is permissive, not mandatory; and the validity of the judgment against the garnishee is not impaired if the title of the proceeding is entered, after stating the venue, thus:

A,   Plaintiff,           ⎫  X,   Pltff's Atty.
      v.                       │         Proceedings in Garnishment.
B,   Defendant,         ├  Y,   Principal deft's Atty.
C,   Garnishee defendant.  ⎭  Z,   Atty. for Garnishee.

Case made after judgment from Isabella. (Hart, J.) October 22.—November 19.

ASSUMPSIT. Defendant brings error. Reversed.

*Brown & Leaton* and *Dodds Bros* for appellant.

*Graves & Russell* for appellees.

CHAMPLIN, J. This is a case made after judgment. On the 26th day of May, 1882, Michael S. Garvin commenced suit against William H. Moote before Cornelius Bennett, a justice of the peace, by summons returnable on the 3d day of June, 1882. The summons was returned personally served. Garvin also commenced proceedings in garnishment against Dennis J. Kennedy before the same justice. In obedience to the summons Kennedy appeared before the justice and made disclosure on the 3d day of June. This disclosure the justice entered upon his docket as follows:

"Defendant disclosed under oath as follows : That there is one hundred and twenty-four dollars and fifty-five cents in his hands, belonging to the defendant Wm. H. Moote, and three promissory notes—one made by William Tobin, for five dollars and seventy-five cents ; one made by Daniel Kennedy for twelve dollars and fifty cents ; one made by Joseph H. Bradley, for $6.25—the property of Wm. H. Moote."

Trial was had and judgment rendered in the principal suit on June 3, for two hundred and twenty-eight dollars damages, and costs taxed at four dollars and ninety cents.

It also appears that on June 3, 1882, William H. Moote made a written assignment to the plaintiffs in this suit as follows:

"For a valuable consideration to me in hand paid by J. N. Vancise and M. F. Fasquelle, the receipt whereof is hereby confessed and acknowledged, I do hereby sell, assign and

transfer to them all moneys, notes, accounts and orders belonging to me and now held by Dennis Kennedy of Mt. Pleasant, Michigan, and I do hereby authorize said Kennedy to deliver to said Vancise and Fasquelle all such moneys, notes, accounts and orders, they being in the aggregate about one hundred and seventy-five dollars of the same.

WM. H. MOOTE.

Dated June 3d, 1882."

On July 3d, 1882, at the request of Garvin's attorney the justice issued a second summons against the garnishee, requiring him to appear July 12, 1882, at nine o'clock A. M., and show cause why judgment should not be rendered against him as garnishee of the principal defendant, Moote. He appeared at the time and place, and admitted in open court that he had no defense to make against judgment being rendered against him as garnishee, and judgment was rendered against him for the money and property mentioned in his disclosure.

The official term of Bennett expired July 4th, 1882, and he was succeeded by Free Estee, who received his docket and papers and proceeded to hear and determine the garnishee suit. This suit was entitled as follows on the justice's docket:

"State of Michigan, } ss.
 Isabella County,

MICHAEL S. GARVIN, Plaintiff, ⎫ PETER F. DODDS, Pltff's Atty.
          vs.                   ⎪   Proceedings in Garnishment.
WILLIAM H. MOOTE, Defendant,    ⎬ H. H. GRAVES, Principal Deft Atty.
DENNIS J. KENNEDY, Garnishee    ⎪ BROWN & LEATON, Attys. for Gar-
     Defendant.                 ⎭   nishee."

The circuit judge found, as matter of law, that the record of the garnishee suit thus entitled was invalid and insufficient "and is not in any way a compliance with the statute, which says that it shall be a separate suit, and entered as such." In this the court erred. The statute referred to provides that "such suit may be entered on the docket as suits in other cases." How. Stat. § 8035. This language is not mandatory but permissive. The record before us discloses that the garnishee proceedings were entered separate from the principal suit, and a complete record made in the cause as above entitled. The record and judgment in the garnishee cause

appear to be sufficient, and constituted a complete defense to the action.

The judgment of the circuit court is reversed, and a final judgment must be entered here for the defendant, with costs of both courts.

The other Justices concurred.