TURNER *v.* OTTAWA CIRCUIT JUDGE.

DEFAULT—MOTION TO SET ASIDE—RULE OF COURT.

Circuit Court Rule No. 12, subd. *b*, providing that, default of a party being " duly entered," the other party shall not be required to accept the pleading or proceeding in default until such default shall be set aside by the court, and that, in cases where personal service is had, a default shall not be set aside unless on application made within six months after such service, does not create a time limit for setting aside defaults " improperly " entered, even after personal service.

*Mandamus* by Jerome E. Turner to compel Philip Padgham, circuit judge of Ottawa county, to vacate an order setting aside a default. Submitted March 27. 1900. Writ denied April 3, 1900.

*Jerome E. Turner, in pro. per.*

*Dan F. Pagelsen,* for respondent.

MONTGOMERY, C. J. This is an application for a *mandamus* requiring the respondent to vacate an order setting aside a default. The return of the circuit judge shows that he set the default aside as improperly entered, and states the grounds for his views of the law, which need not here be repeated, as the relator, in his brief, says: " I find no fault with the law as stated by the learned circuit judge in the latter part of his return, for, no doubt, it would be the law, in a proper case, where not more than six months had elapsed between date of personal service and date of motion to set aside default; but, under the facts in this case, his allowing the motion to set aside the default is in the teeth of Rule 12." It will be seen, therefore, that the sole question for our decision is whether, under subdivision *b* of Circuit Court Rule No. 12, the time limit for setting aside default is intended to apply in

cases of default improperly entered. The language of the entire rule makes it clear that such was not the intention. Subdivision *a* refers to a case where either party shall make default in fact. Subdivision *b* deals with defaults " duly entered," and provides that in such case the party entering the default shall not be required to accept the pleading or proceeding *which was in default* until such default be set aside by the court. The rule further provides that the vacation of the default shall rest in the discretion of the court, and that, in cases where personal service has been had, the default shall not be set aside after six months. We think it clear that, if the party whose default has been attempted was not in fact in default, these provisions do not apply.

Writ denied, with costs.

The other Justices concurred.