## McWILLIAMS v. LENAWEE CIRCUIT JUDGE.

1. DIVORCE—BILL—REQUISITES—STATUTES.

   The statute (§ 8625, 3 Comp. Laws) providing that the oath of complainant in swearing to a bill for divorce shall recite that the complainant swears there is no collusion, understanding, or agreement between the parties in relation to the application, is mandatory.

2. SAME—DEFAULT—VACATION—CHANCERY RULE.

   Where a bill for divorce contained no affidavit that there was no collusion between the parties, as required by section 8625, 3 Comp. Laws, a default entered on nonappearance of the defendant was not "regularly entered," under Chancery Rule 7 *d*, and was therefore subject to vacation after six months notwithstanding the rule.

Mandamus by Anna McWilliams to compel Guy M.

Chester, circuit judge of Lenawee county, to vacate an order setting aside a default. Submitted November 21, 1905. (Calendar No. 21,400.) Writ denied December 4, 1905.

*Fellows & Chandler*, for relator.

*Smith, Baldwin & Alexander*, for respondent.

Moore, C. J. The relator asks for mandamus to compel the respondent to vacate an order setting aside an order vacating a default entered in a divorce case in which relator was complainant and her husband was defendant. The order about which complaint is made was entered more than six months after the personal service of the subpœna in the divorce case. It is insisted by counsel that the circuit judge had no jurisdiction to make the order, citing Chancery Rule 7, subd. *d; Petley* v. *Wayne Circuit Judge*, 124 Mich. 14; *Carpenter* v. *Judge of Superior Court of Grand Rapids*, 126 Mich. 8; and *Kipp* v. *Lenawee Circuit Judge* (not reported [Calendar No. 20,159], but heard in October, 1903). When the decisions cited were handed down, the subdivision of the rule cited did not read as it does now. It was believed by the court that the rule as construed by the court in the decisions cited resulted, in some cases, in doing an injustice, and in November, 1903, it was amended by inserting the words "default is regularly entered" after the word "such." The rule is found in 131 Mich. xxxvi.

It is insisted by the respondent that the default of the defendant in the divorce case was not regularly entered, and that he had a right under the rule to set aside the default. A brief history of the case is necessary to an understanding of the question involved. The complainant filed her bill October 29, 1904, asking for a divorce, and a subpœna was served the same day upon the defendant by one of the complainant's solicitors in the divorce case. The bill showed there was a minor child. No subpœna

was served on the prosecuting attorney. Defendant did not appear in the case, and his default was entered January 6, 1905, and the cause referred to a circuit court commissioner to take proofs. Testimony was taken before him; no one appearing for defendant, and the prosecuting attorney taking no part in the proceeding before the commissioner. Upon the 29th of April, 1905, the case was brought on for hearing upon the testimony taken before the commissioner and the testimony of the complainant taken in open court. The circuit judge returns that his recollection is that the prosecuting attorney was present in court in behalf of the people with reference to the custody of the child, but that the records do not show that he took any part in the proceedings. A decree of divorce was granted to complainant May 1, 1905. July 13, 1905, defendant in the divorce case filed a petition asking that his default be set aside, and he be allowed to appear and answer. He stated in the petition in substance that complainant filed her bill of complaint when she was angry; that it was collusively filed; that he continued to love his wife, and that the child was greatly attached to both of them, and he continued to hope and believe his wife would be reconciled to him; that they continued to live together after the bill was filed, occupying the same bed until a few weeks before the decree was granted; that he did not appear and answer in the divorce case because his wife did not desire him to do so, and because he did not suppose the proceeding was to be carried on to a decree. The complainant answered this petition, a hearing was had, and an order made vacating the decree. On the settlement of the order, complainant insisted that under the rules a rehearing could not be had unless the defendant deposited with the register of the court the sum of $50. September 16, 1905, the court made an order setting aside the default and granting a rehearing, upon condition that defendant answer in said cause and deposit said $50 within 10 days. This defendant did. On the 16th of October complainant moved the circuit judge to vacate the order of

September 16th, and upon his refusal to do so she applied to this court for the writ of mandamus.

The respondent says the default was not regularly entered, and relator is not entitled to her writ for the following reasons: *First,* because the bill of complaint does not comply with the mandatory provisions of section 8625, 3 Comp. Laws; *second,* because the subpœna was served by one of the solicitors in the case; *third,* because no subpœna was served upon the prosecuting attorney; *fourth,* because relator accepted what was beneficial to her in the order of September 16th, and is estopped from questioning the order. In our view of the case, it will be necessary to consider only the first of these reasons. Section 8625, 3 Comp. Laws, reads:

"No divorce shall be decreed in any case when it shall appear that the petition or bill therefor was founded in or exhibited by collusion between the parties; and the oath or affirmation administered to the complainant in swearing to such petition or bill shall, in addition to all other legal requirements, recite the following: 'And you do solemnly swear (or affirm) that there is no collusion, understanding or agreement whatever between yourself and the defendant herein in relation to your application for divorce.' And no divorce shall be decreed in any case where the party complaining shall be guilty of the same crime or misconduct charged against the respondent."

The jurat attached to the bill of complaint is wholly silent upon the question of collusion, agreement, or understanding. This provision of the statute is mandatory. See *Ayres* v. *Wayne Circuit Judge,* 90 Mich. 380. Without a substantial compliance with this statute the case was not in a condition to have a default entered, nor was it in a condition to be heard. We have no doubt, had the judge known how the jurat read, he would have declined to hear the case. If it was possible for defendant to waive this provision, he has not done so. He did not appear and answer in the court, but, when he found his default and a decree had been taken, he sought to have them set aside, and the circuit judge granted his request.

Under the circumstances shown by this record, we think there is nothing in the rule to prevent the circuit judge from setting aside the default.

The application of relator is denied.

MCALVAY, GRANT, BLAIR, and MONTGOMERY, JJ., concurred.