McCAIN *v.* WAYNE CIRCUIT JUDGE.

1. PRACTICE—DEFAULT—JUDGMENT—IRREGULARITY.
   A default irregularly entered may be set aside after the six months' limitation prescribed by Circuit Court Rule 12, Subd. *b.*

2. PROCESS—RETURN—GARNISHMENT—AGENCY.
   The return of service of a writ of garnishment issued against a corporation garnishee must show that the agent or officer upon whom the process was served was a proper agent or official upon whom service might legally be made, and a sheriff's certificate not showing the essential facts in this regard conferred no jurisdiction to enter a default judgment.

3. AMENDMENT—JURISDICTIONAL DEFECTS—RETURN OF SERVICE.
   The right of amendment does not extend to defects of a jurisdictional nature.

4. SAME—GARNISHMENT.

> The court was not authorized, after judgment had been entered, to grant an amendment of the sheriff's return of process so as to show that service was made on an agent of the garnishee defendant, a corporation.

Mandamus by Frederick E. McCain against Henry Mandell, one of the circuit judges for the county of Wayne, to compel respondent to vacate an order setting aside default. Submitted April 17, 1915. (Calendar No. 26,704.) Decided June 14, 1915. Writ denied.

*Frederick E. McCain, in pro. per.*

*U. Grant Race* and *Walter F. Haass* (*Archer F. Ritchie,* of counsel), for appellee.

McALVAY, J. These are proceedings instituted by relator against respondent praying that a writ of mandamus may be issued commanding him to vacate and set aside a certain order vacating certain judgment in garnishment proceedings against the garnishee defendant and setting aside the default upon which said judgment was entered in a certain cause then pending before respondent in the circuit court for the county of Wayne, wherein relator, Frederick E. McCain, doing business as Michigan Audit Company, was plaintiff, and W. Bruce Williams and others were principal defendants, and Kirby-Sorge-Felske Company, a corporation, was garnishee defendant. The undisputed facts in the case are that relator, as plaintiff, on October 14, 1913, filed his declaration in an action of assumpsit, as commencement of suit, against W. Bruce Williams and several other defendants. All of the defendants in the case, except Williams, entered their appearances and pleaded the general issue on or before Decembr 3, 1913. On December 4th, following, plaintiff entered the default of defendant Williams. The case was brought on for trial November 23, 1914, before a jury. During this

trial plaintiff was allowed to amend his declaration, and the case was continued to the next term of court. On December 11, 1914, an amended declaration was filed by plaintiff, and on the 17th of the same month a judgment on default in favor of plaintiff for $1,046-.48 was rendered against defendant Williams only. On the same date the declaration was further amended, and a stipulation discontinuing suit as to the other defendants was filed and entered. It further appears that on application of plaintiff in the above-entitled cause a writ of garnishment issued a few days after it was begun, to wit, on October 22, 1913, against Kirby-Sorge-Felske Company, a Michigan corporation, which writ of garnishment was placed in the hands of the sheriff of Wayne county and on October 27th, following, was returned by him and filed with the following certificate of service indorsed thereon:

"State of Michigan, ⎰ ss.:
"Wayne County.     ⎱

"I hereby certify and return, that on the 22d day of October, A. D. 1913, in said county, I served the within writ upon Kirby-Sorge-Felske Company, by serving A. F. Felske, the garnishee named therein, by showing the same to A. F. Felske and at the same time delivering to and leaving with him a true copy of said writ.

"Dated October 23, 1913."

On December 4, 1913, the default of said garnishee defendant was entered for want of appearance. On December 18, 1914, more than one year later, a judgment was entered by plaintiff on default in his favor against this garnishee defendant for the sum of $1,-094.72, damages, together with costs to be taxed. On December 29th, following, the garnishee, appearing specially in said cause for such purpose, made a motion to set aside its default and to vacate the judgment entered against it in said cause on the ground that the sheriff's return of service indorsed on said writ of garnishment was insufficient to confer juris-

diction upon the court of said garnishee defendant, for the following reasons:

"1. That the return failed to show that the writ was served upon said Kirby-Sorge-Felske Company.

"2. That said return failed to show that A. F. Felske, the person upon whom service was made, was such an officer or agent as is enumerated in the statute in such case made and provided upon whom service may be made for and in behalf of a corporation."

Pending this motion, plaintiff, on January 2, 1915, before Judge Murphy, presiding, asked. for and was granted permission to amend the return of the sheriff to the writ of garnishment, to read as follows:

"State of Michigan, } ss.:
"County of Wayne. }

"I hereby certify and return that on the 22d day of October, A. D. 1913, in said county, I served the within writ upon Kirby-Sorge-Felske Company, by serving A. F. Felske, as president of said corporation, the garnishee therein named, by showing the same to A. F. Felske, as president of said corporation, and at the same time delivering to and leaving with him a true copy of said writ."

This motion to set aside the default of the garnishee defendant and to vacate the judgment against it came on to be heard before respondent by stipulation and was granted. An order and judgment was entered vacating and setting aside the default of the garnishee defendant and the judgment which had been entered upon it. This is the order and judgment which relator in these mandamus proceedings asks this court to vacate and set aside.

In support of his contention that a writ of mandamus should issue in these proceedings, relator makes the following contentions:

"(1) Defendant herein is guilty of gross laches and comes entirely too late in moving the court at this time.

"(2) The return of the sheriff as originally filed

gave the court jurisdiction, and a judgment rendered thereunder was valid because it contained all the essential facts necessary thereto.

"(3) That any defect or error which existed by reason of the original return was properly and entirely cured by the amended return."

The claim that defendant has been guilty of laches, and therefore was too late in asking to have its default set aside, is based upon Circuit Court Rule 12, subd. "b," which among other things provides:

"But in cases where personal service shall have been made upon defendant and proceedings taken after default on the strength thereof, his default shall not be set aside unless the application shall be made within six months after such default is regularly entered."

The construction of this provision of rule 12 has been that it does not apply in cases of defaults improperly entered. *Turner* v. *Circuit Judge,* 123 Mich. 617 (82 N. W. 247).

The application of this construction is made clear in a later case, where this court said:

"The case is unlike *Turner* v. *Circuit Judge,* 123 Mich. 617 (82 N. W. 247), in which case default was improperly entered. In this case the default was duly entered." *Petley* v. *Circuit Judge,* 124 Mich. 14 (82 N. W. 666).

It is clear, therefore, that the rule cannot be invoked unless the default in the instant case appears to have been regularly entered. The fair inference is that relator has not proceeded upon the theory that the original return of an officer to the writ of garnishment was sufficient to confer jurisdiction upon the court to render a judgment against the garnishee defendant. This is confirmed by the fact that, after the motion to set aside the default and vacate the judgment entered against such garnishee defendant was made, relator at once made application to the court and was permitted to and did cause an amended

return to the writ of garnishment to be made and filed, which conformed with the requirements of the statute providing for service upon corporations who were garnishee defendants.

At the time this default was entered and judgment by default rendered against the garnishee defendant, the right of relator to enter such default and the jurisdiction of the court to enter judgment thereon was fixed by the original return of service by the officer who undertook to serve the writ. Such return upon its face showed that no legal service of the writ of garnishment had been made upon the garnishee defendant corporation and it conferred no jurisdiction upon the court to render said judgment against said garnishee defendant.

It is contended on the part of relator that the amended return which was made and filed after the court had rendered this judgment conferred jurisdiction on the court to render the judgment before the amended return was called into existence. This court has said:

"The right of amendment does not extend to matters of jurisdiction." *Hoben* v. *Telephone Co.*, 176 Mich.. at pages 599, 600 (142 N. W. 1071).

We cannot agree with the conclusion of relator. The court had already acted and rendered judgment without jurisdiction, and this court must determine the matter upon the facts as they existed at the time the judgment was rendered.

Our conclusion is that the court, in setting aside the default and judgment which had been entered against the garnishee defendant, was clearly within the exercise of a sound discretion, and that the writ of mandamus should be denied.

BROOKE, C. J., and STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred. KUHN, J., did not sit.