NEWMAN *v.* WAYNE CIRCUIT JUDGE.

1. MANDAMUS—RETURN TO BE TAKEN AS TRUE UNLESS TRAVERSED.
   The return of the circuit judge to the order to show cause that no notice of the appearance of defendant in the action in which default judgment was entered against him was served on plaintiff's attorneys, where not traversed, must be taken as true.

2. DEFAULT—COURT RULES—SETTING ASIDE DEFAULT—LIMITATION.
   Under Circuit Court Rule No. 32, where more than six months had elapsed after defendant's default in an action against him had been regularly entered, followed by entry of judgment, the court was without jurisdiction, on defendant's petition, to set aside said default.

3. SAME—ENTRY OF JUDGMENT—PROCEEDING TAKEN ON STRENGTH OF DEFAULT.
   The entry of a judgment is a proceeding taken on the strength of a default within the meaning of said rule.

4. APPEARANCE—CIRCUIT COURT RULES.
   By the terms of Circuit Court Rule No. 31, a defendant in order to appear is required to (1) serve notice of appear-

ance or retainer on plaintiff's attorney; and (2) file a copy of same with the clerk.

5. SAME—REGULARITY—CIRCUIT COURT RULE—SETTING ASIDE DE-
FAULT.
   Where no notice of defendant's appearance or retainer was
   served upon plaintiffs or their attorneys, he failed to enter
   his appearance, although notice of appearance was filed
   with the clerk, and therefore the entry of defendant's
   default "in not appearing" was not such an irregularity
   as to toll Circuit Court Rule No. 32.

Mandamus by Edward A. Newman to compel Ormond F. Hunt, circuit judge of Wayne county, to vacate an order denying a motion to set aside a default. Submitted June 28, 1921. (Calendar No. 29,633.) Writ denied July 19, 1921.

*Friedman & Meyers* (*Myron A. Schlissel*, of counsel), for plaintiff.

*Christie, Yokum & Martz* (*Sanders & Wanamaker*, of counsel), for defendant.

FELLOWS, J. In 1917, Shea, Levy & Taylor brought suit in the Wayne circuit court by summons against Edward A. Newman, plaintiff in this proceeding. The original summons was not served but an *alias* summons was issued and personally served on Mr. Newman on October 11th, and return was duly made. Counsel employed by Mr. Newman claims that by reason of his method of handling such matters he is satisfied that a notice of his appearance was served on the attorneys for Shea, Levy & Taylor because his practice was to make three copies of such papers, one for filing, one for service and one for his office files, and that he finds in his files one copy, that one copy was filed with the clerk and he believes the other one was served but he is unable to make proof of that fact. The trial judge found as a fact after considering the affi-

davits and testimony taken in open court that such notice was not served on the attorneys for Shea, Levy & Taylor, and so states in the return to the order to show cause issued by this court. Upon the state of the record this return of the circuit judge must be taken as true. *Kentucky Wagon Manfg. Co.* v. *Kalamazoo Circuit Judge,* 208 Mich. 267. Plaintiffs in the action in the Wayne circuit filed their declaration February 9, 1918, but did not enter defendant's default until March 19, 1920. On November 4, 1920, judgment was taken in the case. On January 26, 1921, Mr. Newman made a motion to set aside the default and judgment. Judge Hunt, who heard the motion, held that he had no discretion because the motion was not made within the six months provided for by Circuit Court Rule No. 32.

The judicature act (3 Comp. Laws 1915, § 12409) provides in general terms that "the defendant shall appear within fifteen days after service of process," in case he is not originally served with a copy of the bill or declaration. The manner of entering appearance is provided for in Circuit Court Rule No. 31, § 2, which is as follows:

"And where the declaration or bill of complaint is not filed and served with the writ, the defendant shall serve notice of his appearance or of retainer, and file a copy thereof with the clerk within 15 days after service of the writ in commencement of suit upon him. And in that case the plaintiff shall serve a copy of the declaration or of the bill of complaint upon the defendant's attorney within 15 days after receiving notice of appearance or of retainer."

This substantially follows former Circuit Court Rule No. 2 (*b*). Under the findings of fact and return of the circuit judge defendant in the case pending in the Wayne circuit was at default for over two years, and was at default when the same was entered.

So far as important here Circuit Court Rule No. 32 provides:

"In all cases where personal service shall have been made upon a defendant, and proceedings taken after default on the strength thereof, his default shall not be set aside unless the application shall be made within six months after such default is regularly filed."

This court has pointed out that under this rule and its predecessor (former Circuit Court Rule No. 12 (b), 131 Mich. xxxv) the default must be regularly entered and the proceedings taken on the strength thereof must be valid proceedings. *Turner* v. *Ottawa Circuit Judge*, 123 Mich. 617; *McWilliams* v. *Lenawee Circuit Judge*, 142 Mich. 226; *McCain* v. *Wayne Circuit Judge*, 187 Mich. 73; *W. H. Warner Coal Co.* v. *Nelson*, 204 Mich. 317. This court has likewise pointed out that when the default is regularly entered and the proceedings taken on the strength thereof are valid the courts have no discretion in the matter of setting aside defaults after the period of limitation fixed by the rule has expired. *Kentucky Wagon Manfg. Co.* v. *Kalamazoo Circuit Judge*, *supra*, and *Hakes* v. *Kent Circuit Judge*, 213 Mich. 278, with the collection of the authorities in them are conclusive on this question. In the latter case it was said:

"This court has construed said rule, as well as former Rule No. 12 of like import, many times and held that where personal service was had with all proceedings regular up to the time of a default regularly entered and proceedings were taken after default on the strength thereof, such default could not be set aside unless the application was made within six months after the default was filed and entered."

And numerous authorities are cited sustaining the holding. This court has also held that the entry of a judgment .is a proceeding taken on the strength of a default. *Carpenter* v. *Judge of Superior Court*, 126

Mich. 8; *Burgard* v. *Burgard,* 175 Mich. 565.   In the instant case no question is made as to the regularity of the judgment.   The only question, therefore, is whether the default was regularly entered.

The typographical and grammatical errors in the papers pointed out by counsel are unimportant; we do not discuss them.   Before the default was filed or entered an affidavit was filed showing that no notice of appearance or retainer had ever been served on plaintiffs or their attorneys, and thereupon defendant's default "in not appearing" was entered.   It is urged that this was an irregularity in entering the default sufficient to toll the rule; and it is insisted that defendant's appearance had been entered by the filing of the copy with the clerk.   It may quite properly be said that the paper filed with the clerk was not a copy of any paper served on plaintiff's attorneys because no paper had been served on them. But we think counsel's contention overlooks the provisions and purposes of Rule No. 31.   As we have pointed out, this is a substantial re-adoption of the former rule which was in force for many years.   It has a practical purpose and is conducive to the orderly conduct of legal proceedings.   By its terms a defendant in order to appear is required to do two things and each of them has a reason back of it: (1) He must serve notice of appearance or retainer on plaintiff's attorney.   The purpose of this is that plaintiff's attorney may know upon whom he is to serve pleading and notices.   (2) He must file a copy with the clerk.   The purpose of this is to aid the clerk in making up his calendar and call.   Unless the defendant complies with the rule he does not enter his appearance.   We do not hold that if a defendant's attorney serves notice of appearance or retainer on plaintiff's attorney he is not entitled to be served with pleadings and notices.   Upon this record defendant's

attorney served no such notice. What we do hold is that a default is regularly entered for not appearing in the case where the defendant has not served on plaintiff's attorney the notice of appearance or retainer provided for in Rule No. 31.

The writ will be denied.

STEERE, C. J., and MOORE, WIEST, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.