WESTLAWN CEMETERY ASS'N *v.* WAYNE CIRCUIT JUDGE.

1. JUDGMENT—DEFAULT—SETTING ASIDE—CIRCUIT COURT RULE—PROCESS.

In order to render applicable Circuit Court Rule No. 32, § 4, providing that "where personal service shall have been made on a defendant, and proceedings taken after default on the strength thereof, his default shall not be set aside unless the application shall be made within six months after such default is regularly filed," the default must be regularly entered, and proceedings taken on the strength thereof must be regular; however, a literal following of the rules is not required; substantial compliance being sufficient.

2. EVIDENCE—JUDICIAL NOTICE.

The court takes judicial notice of the fact that Detroit is in Wayne county.

3. PROCESS—RETURN—PROPER SERVICE.

Officer's return showing on what date each defendant was served, and how he or she was served, which is in substantial compliance with Circuit Court Rule No. 19, § 2, and 3 Comp. Laws 1915, § 12441, *held,* to show proper service on all named defendants except one.

4. SAME—ALIAS WRIT COMPLYING WITH CIRCUIT COURT RULE 19 GOOD AS ORIGINAL IN CHANCERY CASE—STATUTE OF LIMITATIONS.

An *alias* writ in a chancery case, issued in accordance with Circuit Court Rule No. 19, if not good as an *alias,* is good as an original summons, where the statute of limitations had not run; Circuit Court Rule No. 18, dealing with writs on the law side, not being applicable.

5. JUDGMENT—DEFAULT—IRREGULARITY.

The deputy clerk, in entering an order *pro confesso,* performs a purely ministerial duty requiring no action of the court, and, therefore, the fact that it was signed by him instead of by plaintiffs' attorney is not a sufficient irregularity to toll Circuit Court Rule No. 32, § 4.

---

[1]Judgments, 34 C. J. §§ 487, 673; [2]Evidence, 23 C. J. § 1868; [3]Process, 32 Cyc. p. 498; [4]Id., 32 Cyc. p. 436; [5]Judgments, 34 C. J. § 393.

6. SAME—IRREGULARITY IN CAPTION.

> That a default decree was not properly entitled, in that the caption did not contain the names of all of the plaintiffs, *held*, not a sufficient irregularity to toll Circuit Court Rule No. 32, § 4.

7. SAME—SERVICE MAY NOT BE SHOWN INVALID BY EVIDENCE DEHORS THE RECORD.

> Where the record shows that the service was valid, the default was regularly entered, and defendants may not show, by evidence *dehors* the record, that service was invalid, for the purpose of setting aside the default as irregular, after the lapse of six months, under Circuit Court Rule No. 32, § 4.

Mandamus by the Westlawn Cemetery Association and others to compel George P. Codd, circuit judge of Wayne county, to vacate an order setting aside a decree *pro confesso.* Submitted January 18, 1927. (Calendar No. 32,678.) Writ granted April 1, 1927. Rehearing denied June 6, 1927.

*William J. Griffin,* for plaintiffs.

*Anderson, Wilcox, Lacy & Lawson (C. J. Huddleston,* of counsel), for defendant.

When we use the words plaintiffs and defendants we shall refer to the parties to the original suit out of which this mandamus proceeding arises. On March 1, 1924, plaintiffs filed their bill in the Wayne circuit court, in chancery, and summons was duly issued. It was returned with the following certificate of service:

"I hereby certify and return that on the 8th day of March, 1924, at Detroit, I served the within summons on R. Johnston Palmer and Emma S. Palmer by serving R. Johnston Palmer. I further certify on March 7, 1924, I served Fred N. Henry. I further certify March 6, 1924, I served Sophia M. Henry. I further certify on March 7, 1924, I served Joseph H. Henry, together with a bill of complaint on each said defend-

---

⁶Judgments, 34 C. J. § 416; 'Id., 34 C. J. § 572; Process, 32 Cyc. p. 514.

ant, the defendants named in said summons, by then and there, at the place and on the date above mentioned delivering to said above named defendant each a true copy of said summons inscribed 'copy' and subscribed William J. Griffin, plaintiff's attorney, and by showing at the same time to the said above named defendant each the said summons with the seal of the court impressed thereon, on which copy so served was a true copy of the underwriting on the said summons.

"GEORGE A. WALTERS,
Sheriff.
"JOHN C. WILCOX,
Deputy Sheriff."

On April 2d, following, *præcipe* was filed and an *alias* summons was issued which was returned with the following certificate of service:

"STATE OF MICHIGAN,
"County of Wayne—ss.
"I hereby certify and return, that on the 2d day of April, A. D. 1924, at Detroit, I served the within summons on Emma S. Palmer, the defendant named in said summons, by then and there, at the place and on the date above mentioned, delivering to said above named defendant a true copy of the said summons, inscribed 'copy' and subscribed William J. Griffin, plaintiff's attorney, and by showing at the same time to the said above named defendant the said summons with the seal of the court impressed thereon, on which copy so served was a true copy of the underwriting on the said summons.
"Dated April 3, A. D. 1924.

"GEORGE A. WALTERS,
Sheriff.
"D. G. JAYNE,
Deputy."

On April 30th, affidavit for default and one of regularity were filed and an order *pro confesso* was filed reciting that it was on motion of plaintiffs' attorney; it was signed by the deputy clerk.   On July 25th, petition for issuance of commission to take depositions was filed and the order was entered.   The depositions

were filed September 3d, and, on October 6th, decree for the plaintiffs was signed and filed. On October 28th, the decree was enrolled. Over a year thereafter and on November 24, 1925, defendants, by their present counsel, filed a motion to set aside the default and decree accompanied by a sworn answer. The motion urged several defects in the proceedings, and set up in excuse of the delay that the papers served on them were turned over to their counsel then employed who neglected to enter their appearance. The decree and default were set aside by order made by the trial judge and the case is before us on an order to show cause and the return thereto.

FELLOWS, J. (*after stating the facts*). We do not agree with plaintiffs' counsel that the circuit judge abused his discretion, if he had the discretion to set aside the default, and we shall confine ourselves solely to the question of power to make the order. Circuit Court Rule No. 32, § 4, so far as important here, provides:

"In all cases where personal service shall have been made upon a defendant, and proceedings taken after default on the strength thereof, his default shall not be set aside unless the application shall be made within six months after such default is regularly filed."

The default must be regularly entered. *Turner* v. *Ottawa Circuit Judge*, 123 Mich. 617; *McWilliams* v. *Lenawee Circuit Judge*, 142 Mich. 226. And proceedings taken on the strength thereof must be regular proceedings. *W. H. Warner Coal Co.* v. *Nelson*, 204 Mich. 317, in which case the only proceedings taken on the strength of the default was the entry of an invalid judgment. But in *Kentucky Wagon Manfg. Co.* v. *Kalamazoo Circuit Judge*, 208 Mich. 267, we held that a literal following of the rules was not required, and that a substantial compliance was sufficient. Having in mind the rules laid down in these

cases we will take up the grounds of defendant's motion in their order.

1. We think the return of the officer to the original writ showed proper service except as to Emma S. Palmer. The court takes judicial notice that Detroit is in Wayne county; the return shows on what date each defendant was served and how he or she was served and the return shows a service on each defendant except Mrs. Palmer in substantial compliance with section 2, Circuit Court Rule No. 19, and section 12441, 3 Comp. Laws 1915. The objections to the return are supercritical.

2. It is next urged that the *alias* writ was not issued in accordance with Circuit Court Rule No. 18. But it should be noted that Rule 18 deals with writs on the law side and Rule 19 deals with chancery summons, section 1 of which rule provides in part:

\* \* \* "and if process is not executed on or before the return day, further process may be taken out of course, as often as may be necessary."

But if the writ was not good as an *alias,* it was good as an original summons, the statute of limitations not having run. *Frantz* v. *Railway,* 147 Mich. 199; *Axtell* v. *Gibbs,* 52 Mich. 639; *Gunn* v. *Gunn,* 205 Mich. 198.

3. The third ground of the motion is not seriously urged. The affidavit for default was sufficient.

4. The order *pro confesso* was signed by the deputy clerk. It recited that it was made on motion of plaintiffs' attorney. It is urged that it should have been signed by plaintiffs' attorney and that this is a sufficient irregularity to toll the rule. But the order was an order of course, required no action by the court, and the clerk in entering it performed purely a ministerial duty. Upon principle, this objection is answered by *Carmichael* v. *Schaefer Heights Land Co.,* 217 Mich. 420. In that case it was insisted that

the rule requiring the filing of the order was not complied with by entering it. It was there said by Mr. Justice WIEST, speaking for the court:

"It will be noted that under the rule the default may be filed, while under the statute the default may be filed or entered. Under the old practice defaults were entered in the common rule book or filed. We are of the opinion that it makes no difference whether a default is entered or is filed, as in either event it serves the same purpose, is in the same case, on file in the same office and noted upon the calendar."

5. The next objection urged is that the decree was not properly entitled, in that the caption did not contain the names of all the plaintiffs. In the case of *W. H. Warner Coal Co.* v. *Nelson, supra*, the only proceedings taken on the strength of the default was the entry of an invalid judgment, while here on the strength of the default proceedings which are not questioned, *i. e.*, the issuance of a commission to take testimony, the taking and filing it were taken. There is force in the suggestion that these were proceedings in the case, taken on the strength of the default, and bring the case within the rule. In *Cleveland, etc., R. Co.* v. *Berrien Circuit Judge*, 187 Mich. 444, both opinions proceed upon the theory that if any proceedings (regular, of course) are taken on the strength of the default the power to set aside the default is limited to the six months' period, the court dividing only on the question of whether the filing of a note of issue was a proceeding. But we do not think a defective caption to the decree a sufficient irregularity to prevent the running of the rule. In *Fasquelle* v. *Kennedy*, 55 Mich. 305, the caption was defective but it was held that the statute was directory and the judgment valid.

6. None of the foregoing objections were regarded as serious by the learned trial judge. The default was set aside for the reason we shall now consider.

Defendants filed affidavits to the effect that when they were served the officers did not show them the original writ with the seal of the court, and the trial judge reached the conclusion that the service was not good. He cites in his opinion as authority for setting the default aside the recent case of *Whirl* v. *Reiner*, 229 Mich. 114. But we think the learned trial judge misconceived the holding of this court in the *Whirl Case*. In that case there was actually a valid service, but the record did not show it; it showed an invalid service. Holding that the record controlled, this court said the default should have been set aside. Here the record shows a valid service. Defendants seek to show that it was invalid by evidence *dehors* the record. If we follow the holding in the *Whirl Case* we must hold that the state of the record at the time the default was entered controls, and as it shows a proper service, the default was regularly entered. We are not disposed to deviate from what was held in that case. While this disposes of this question, attention should be directed to the recent case of *Garey* v. *Morley Bros.*, 234 Mich. 675.

If necessary the writ will issue to the successor of Judge Codd. Plaintiffs will have costs.

SHARPE, C. J., and SNOW, STEERE, WIEST, CLARK, and MCDONALD, JJ., concurred. BIRD, J., did not sit.