ROSEN *v.* WAYNE CIRCUIT JUDGE.

1. JUDGMENT—DEFENDANT'S DEFAULT REGULARLY ENTERED MAY
NOT BE SET ASIDE AFTER SIX MONTHS.

Under Circuit Court Rule No. 32, where personal service is had
and defendant's default is regularly entered and proceedings
taken after default on the strength thereof, courts are without
power 'to vacate such default after the expiration of six
months; but if the default is irregularly entered, the trial
judge, in the exercise of his discretion, may vacate the same
after the expiration of the period specified.

2. SAME—PROVISIONS OF CIRCUIT COURT RULE NOT APPLICABLE TO
PLAINTIFF'S DEFAULT.

The provisions of Circuit Court Rule No. 32, relating to setting
aside defendant's default, do not apply where the default of a
plaintiff is taken by a defendant.

3. SAME—IRREGULARITY OF DEFAULT MUST APPEAR ON FACE OF
RECORD.

Whether defendant's default was irregularly entered, so that its
vacation after expiration of six months was within the dis-
cretion of the trial judge, must be determined from the face
of the record.

4. SAME—PROOF OF SERVICE OF DECLARATION AND LAPSE OF TIME
PREREQUISITE TO ENTERING DEFENDANT'S DEFAULT FOR FAILURE
TO PLEAD.

Proof of service of plaintiff's declaration on the defendant and
of the lapse of the time within which the defendant should
plead are prerequisites to entering defendant's default for
failure to plead (3 Comp. Laws 1915, § 12737).

5. SAME—NONAPPEARANCE.

Defendant's default entered for failure to plead may not be
held good as a default for nonappearance.

6. SAME—SETTING ASIDE DEFAULT—ABUSE OF DISCRETION.

Where the record fails to show service of plaintiff's declaration
on defendant, the latter's default for failure to plead was

irregularly entered, and under the circumstances of the case the order vacating the judgment and setting aside the default after the expiration of six months was not an abuse of discretion.

Mandamus by Robert L. Rosen to compel Vincent M. Brennan, circuit judge of Wayne county, to vacate an order setting aside a default judgment. Submitted September 11, 1928. (Calendar No. 33,832.) Writ denied October 1, 1928.

*Prentis, Pugh, Fitch & Carpenter,* for plaintiff.

*Butzel, Levin & Winston,* for defendant.

North, J. This is an application for a writ of mandamus to compel the defendant to vacate an order entered by him in the circuit court of Wayne county whereby a default judgment taken by the plaintiff against Harold B. Dewstow was set aside and the case opened for hearing on the merits. Differences between Rosen and Dewstow resulted in two suits at law being started in the circuit court of Wayne county. The first was instituted by Rosen against Dewstow; in the second Dewstow was plaintiff and Rosen defendant. Both suits related to the same transaction. The suit wherein Rosen was plaintiff was started by summons October 25, 1923, and service was obtained on Dewstow two days later. The suit by Dewstow against Rosen was commenced by summons October 30, 1923. Early in November following, and before an appearance was entered in either suit, the parties had a conference relative to settling their differences. It is claimed by Dewstow that the matters in controversy between these parties were adjusted by an agreement that both suits should be discontinued. This, the return shows, was found to be a fact by the defendant incident to hear-

ing the motion to set aside the default; and it was further found that:

"Defendant Dewstow was lulled into a sense of security and unwariness by petitioner's representations and promises as to the withdrawal of said cause, and for that reason paid no further attention to the status of said cause."

On April 22, 1924, Rosen filed the declaration in his suit against Dewstow; and thereafter (June 7, 1924) he entered Dewstow's default for *failure to plead.* Judgment for $2,982.90 and costs of $21.60 was taken July 27, 1927. Dewstow's motion to vacate the judgment and set aside the default was made December 16, 1927; and granted April 9, 1928.

The plaintiff herein asserts that the circuit judge should be required to vacate the order made because: (1) Dewstow's motion to set aside his default was not made within six months after the same was regularly entered, as required by Circuit Court Rule No. 32; and (2) under the record the circuit judge's order vacating the judgment was an abuse of discretion.

In part, Circuit Court Rule No. 32 reads:

"In all cases where personal service shall have been made upon a defendant, and proceedings taken after default on the strength thereof, his default shall not be set aside unless the application shall have been made within six months after such default is regularly entered."

In *McWilliams* v. *Lenawee Circuit Judge,* 142 Mich. 226, attention is called to the fact that the wording of this rule was changed in 1903 by inserting the words "default is regularly entered" after the word "such;" and it is stated in substance that this change was obviously made to prevent the doing

of an injustice in those cases wherein the default was not *regularly* entered. It has been held repeatedly that courts are bound by this rule; and if, following personal service, a default is regularly entered, and proceedings taken after default on the strength thereof, the courts are without power to vacate such default after the expiration of the six months provided in the rule. *Newman* v. *Wayne Circuit Judge*, 215 Mich. 185. On the other hand, if the default is irregularly entered, the trial judge, in exercise of his discretion, may vacate the same after the expiration of the period specified. *Turner* v. *Ottawa Circuit Judge*, 123 Mich. 617; *McWilliams* v. *Lenawee Circuit Judge, supra.* And it has been held that this provision of the rule does not apply at all where the default of a plaintiff is taken by a defendant. *Detroit Taxicab & Transfer Co.* v. *Wayne Circuit Judge*, 203 Mich. 105.

The defendant was without power to enter the order vacating the judgment and setting aside the default unless such default was *irregularly* entered. Whether it was irregularly entered must be determined from the face of the record. *Westlawn Cemetery Ass'n* v. *Wayne Circuit Judge*, 238 Mich. 119. Dewstow was in default because of failure to enter his appearance; but it is here disclosed that he was defaulted by Rosen for failure to plead. Proof of service of plaintiff's declaration on the defendant and of the lapse of the time within which the defendant should plead is a prerequisite to entering such a default. Section 12737, 3 Comp. Laws 1915. There is no claim made here that Rosen's declaration had been served on Dewstow. If service had been made, without proof thereof, it would be impossible to tell whether the time limit within which the defendant might plead had expired when the default was en-

tered. Nor can the default entered for failure to plead be held good as a default for nonappearance. In *Low* v. *Mills,* 61 Mich. 35 (quoting syllabus), it is said:

"In a suit at law, where service of notice of retainer is equivalent to an appearance, which facts the record might not disclose, an affidavit showing defendant's nonappearance is essential to a regular entry of his default for want thereof."

The facts justifying the default should appear of record. *Whirl* v. *Reiner,* 229 Mich. 114; *Anderson* v. *Cole,* 114 Mich. 637; 1 Abbott's Cyc. Mich. Practice (2d Ed.), 479. Dewstow's default for failure to plead was irregularly entered.

The return of the circuit judge filed herein shows that neither the defendant nor his attorneys had any notice of the default being entered against Dewstow until September 2, 1927, and further:

"That immediately after the discovery by defendant of said default, proceedings were instituted for the settlement of the cause and that said defendant Dewstow filed his motion within a reasonable time after such settlement proceedings were finally broken off."

It is also stated in the return:

"It is respondent's opinion that this renewal of the suit after such a long period of inactivity on the part of the petitioner and after the continuity of petitioner's action was definitely suspended and broken by the agreement for withdrawal of said cause, and the said long period of petitioner's inactivity, was a fraud upon the defendant Dewstow. * * * Respondent further avers that it was his opinion that defendant Dewstow showed by the affidavits of merits filed by him that he had, if proved,

an adequate defense to plaintiff's action if permitted his day in court.''

Other reasons are assigned by the circuit judge in support of his ruling, but they need not be discussed here. As stated above, the default of Dewstow was not regularly entered. Further, under the circumstances here involved, the order vacating the judgment and setting aside the default was not an abuse of discretion by the trial judge.

The writ is denied, with costs.

FEAD, C. J., and FELLOWS, WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.