## BELT v DAVIS & RANDALL, INC.

1. COURTS—COMMON PLEAS COURT—COURT RULES—DISMISSAL OF AC-
TION—NO PROGRESS—MULTIPLE DEFENDANTS—SERVICE OF PROC-
ESS.

Common Pleas Court Rules provide that an action may be dis-
missed where no progress has been made within 29 days from
the time of service of the writ of summons upon the defendant
or where no progress has been made within 15 days after the
return day of the last unserved writ; but in an action involving
multiple defendants the fact that one defendant remains un-
served on the return day of the summons and no progress has
been made within 15 days after the return date on that
summons cannot be grounds for dismissal of the action as to
other defendants who have been properly and effectively served
and as to whom progress has been made within the 29 days
following service on those defendants (CPCR 16, § 4).

2. COURTS—COMMON PLEAS COURT—COURT RULES—DISMISSAL OF AC-
TION—NO PROGRESS—UNSERVED SUMMONSES—ALIAS SUM-
MONSES—MULTIPLE DEFENDANTS.

The Common Pleas Court Rule requiring dismissal of an action
for no progress within 15 days after the return day of the last
unserved writ applies where there has been one or more
unserved summonses as to any defendant and the plaintiff has
failed to request an alias summons within 15 days after the
return date of the last unserved summons; in such case the
action is properly dismissed for no progress as to the unserved
defendant but not as to any other defendant against whom the
defendant may have a viable cause of action (CPCR 16, § 4).

3. JUDGMENT—DEFAULT JUDGMENT—IRREGULAR JUDGMENT—REIN-
STATEMENT—DISCRETION—COURT RULES—NOTICE—REINSTATE-
MENT OF RIGHT.

It is within the discretion of the trial judge to reinstate a case in
which a default judgment has been irregularly entered despite

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 62 Am Jur 2d, Process § 160.
[3] 24 Am Jur 2d, Dismissal, Discontinuance, and Nonsuit §§ 89, 90.

the mandatory provision of a court rule to the contrary; but, where a party has received no notice prior to dismissal of a lawsuit, reinstatement of the case is a matter of right and not discretionary with the court.

Appeal from Wayne, James N. Canham, J. Submitted Division 1 May 7, 1975, at Detroit. (Docket No. 20576.) Decided June 24, 1975.

Complaint in Common Pleas Court by Marvin Belt against Davis & Randall, Inc., for damages for breach of contract. Case dismissed. Plaintiff appealed to the Circuit Court. Circuit Court affirmed. Plaintiff appeals by leave granted. Reversed and remanded.

Marvin Belt, *in propria persona.*

*Bellanca & Beattie,* for defendant.

Before: V. J. BRENNAN, P. J., and McGREGOR and D. F. WALSH, JJ.

D. F. WALSH, J. This is an appeal, by leave granted, from an order of the Wayne County Circuit Court affirming the common pleas court's dismissal of the plaintiff's cause of action for lack of progress and denying the plaintiff's motion to reinstate the case.

A complaint alleging breach of contract was filed in Common Pleas Court of Detroit on June 28, 1972, against Davis & Randall, Inc., and two of its agents. Summonses were issued for all defendants on the same day and were returnable on or before September 25, 1972. On October 4 the summonses issued for the two agents were filed with the court "not served". Defendant Davis & Randall, Inc., was served with a copy of the summons on July 7, 1972.

On August 4, 1972,[1] the defendant filed a "Special Appearance and Motion for Dismissal" which was denied without prejudice on August 11. On the same date, August 11, 1972, the record shows that the defendant filed with the court a "Written Entry of Appearance" and interrogatories. The next entry on the docket sheet was made on October 11, 1972: "Dismissed without prejudice no progress."

The plaintiff claims that he received no notice of the dismissal and indeed nowhere in the lower court record or file does there appear any evidence that such notice was in fact received. On October 4, 1973, the plaintiff filed a motion to set aside the dismissal. On October 11, 1973, motion was denied. The order denying this motion stated:

"Court is without jurisdiction to grant relief requested, inasmuch as more than six months have elapsed. Common Pleas Court Rule 16, Sec. 4."

The court rule cited by the lower court precludes the reinstatement of a case where six months has elapsed since the date of dismissal. A subsequent motion for rehearing was denied. On appeal to Wayne County Circuit Court the previous orders denying reinstatement and rehearing were affirmed for the same reasons cited by the common pleas court. We granted leave to appeal.

The plaintiff's argument is twofold. First, he claims that his case was improperly dismissed. Second, he claims that § 4 of the court rule—which precludes reinstatement of a case which has been

---

[1] The common pleas court docket sheet shows that this entry was made on "10-4". But since the same entry shows that a hearing was set for "8-11-72" and since the next entry is "8-11" the date of defendant's appearance and motion to dismiss must have been incorrectly recorded.

dismissed for more than six months—is inapplicable since he received no notice of its dismissal. We are inclined to agree with both contentions.

A contract action may be dismissed under § 1 of Common Pleas Court Rule 16 for two different reasons:

1. "[W]here no progress has been made within twenty-nine (29) days from the time of service of the writ of summons upon defendant"; or

2. "[Where] no progress has been made within fifteen (15) days after the return day of the last unserved writ."

Dismissal of the action as to defendant Davis & Randall, Inc., for either of these two reasons was improper.

First, there is no question that progress had in fact been made within the 29 days following the date of service of the writ of summons on Davis & Randall, Inc.

Second, in an action involving multiple defendants the fact that one defendant remains unserved on the return day of the summons and no progress has been made within 15 days after the return date on that summons cannot be grounds for dismissal of the action as to other defendants who have been properly and effectively served and as to whom progress has been made within the 29 days following service on those defendants. A plaintiff certainly has the right to abandon an action against one or more of several defendants without losing his cause of action as to the remaining defendants.

We are persuaded that the provision of the rule requiring dismissal for no progress within 15 days after the return day of the last unserved writ applies rather to the situation in which there has been one or more unserved summonses as to any defendant and the plaintiff has failed to request an

alias summons within the 15 days following the return date of the last unserved summons. See Common Pleas Court Rule 7, § 4. In such case the action is properly dismissed for no progress as to the unserved defendant but not as to any other defendant against whom the plaintiff may still have a viable cause of action.

We find therefore that dismissal of this case for no progress was erroneous as to defendant Davis & Randall, Inc. We must consider, however, whether reinstatement of the case is barred notwithstanding the impropriety of the dismissal because of the provisions of § 4 of Common Pleas Court Rule 16 which precludes reinstatement of an action after six months from the date of dismissal.

*Rosen v Wayne Circuit Judge,* 244 Mich 397; 221 NW 276 (1928), reaffirmed the principle articulated in *Turner v Ottawa Circuit Judge,* 123 Mich 617; 82 NW 247 (1900), that when a default judgment has been irregularly entered, it is within the discretion of the trial judge to reinstate the case—despite the mandatory provision of a local court rule to the contrary. And, both the Supreme Court and this court have noted—albeit in *dicta*—that where, as in the instant case, a party has received no notice prior to dismissal of a lawsuit, reinstatement of the case is a matter of right and not discretionary with the court. See *Sezor v Proctor and Gamble Soap Co,* 267 Mich 128, 130; 255 NW 175 (1934), *Flack v Waite,* 18 Mich App 339, 340; 170 NW2d 922 (1969).

Since dismissal in the instant case was improperly entered, and since the plaintiff received insufficient notice thereof, reinstatement was not barred by the operation of § 4 of Common Pleas Court Rule 16 and reinstatement should have been granted as a matter of right.

Reversed and remanded for proceedings consistent with this opinion.