## William M. Eaton v. Esther E. Eaton.

*Equity practice: Order pro confesso: Proof of service of subpœna.* An order *pro confesso* entered before the proof of service of the subpœna has been made or filed, is premature and irregular.

*Order pro confesso: Non-appearance of defendant: Affirmative showing.* Good practice requires an affirmative showing of the non-appearance of the defendant, as a preliminary to an order *pro confesso*.

*Heard and decided January 20.*

Appeal in Chancery from St. Clair Circuit.

This was a bill for divorce, upon which a decree was granted as prayed, and an appeal taken. The subpœna was

33 MICH.—39.

personally served. The bill was taken as confessed on October 7, 1875, the order *pro confesso* being based upon an affidavit of regularity made and sworn to on that day, and merely stating generally that all the proceedings to take the bill as confessed had been regular and according to the rules and practice of the court. The proof of service of the subpœna, however, was by affidavit not sworn to till October 8, 1875, and which was marked filed "as of October 7, 1875." The defendant's solicitors caused an appearance to be entered on October 7th, but afterwards, on the 14th, withdrew the same. On the next day, however, they entered their appearance again. On that day the case was brought to a hearing, *ex parte,* upon the bill taken as confessed and the proofs, and decree granted. Thereupon defendant moved to open the decree, making a showing that the withdrawal of the appearance on the 14th was in consequence of a misapprehension of instructions communicated to her solicitors by defendant by telegraph. This motion being denied, the defendant appealed.

*Atkinson Bros.,* for complainant,

*Miles & Coe* and *W. T. Mitchell,* for defendant.

THE COURT held that the order *pro confesso* was premature and irregular; that it was not proper to enter such order before the proof of service of the subpœna was made and filed; and that, under the circumstances of this case at least, good practice required an affirmative showing that defendant had not appeared in the cause; that the order *pro confesso* being irregular, the subsequent steps taken in the cause cannot be sustained.

Decree reversed.