## ANDERSON *v.* COLE.

APPEAL—DEFAULT JUDGMENT—IRREGULARITY—REVERSAL—PRACTICE.

On appeal from a default judgment in a suit begun by declaration, it appeared that no proof showing service was on file at the time default was entered, and that a return subsequently made failed to show service of notice of the rule to plead.  Defendant asked that, on reversal, judgment be entered in his favor.  Plaintiff asked that the record be remanded to allow him to apply for leave to file an amended return.  *Held*, that reversal and remand was the proper practice.

Error to Clinton; Daboll, J.  Submitted October 8, 1897.  Decided October 25, 1897.

*Assumpsit* by James C. Anderson against Ezra A. Cole, impleaded with Bradley B. Bennett, upon promissory notes.  From a default judgment for plaintiff, defendant brings error.  Reversed.

*Almond G. Shepard* and *Edwin H. Lyon*, for appellant.

*High & Everett* ( *Will H. Brunson*, of counsel), for appellee.

MONTGOMERY, J.  The writ of error in this case brings up the record only, no bill of exceptions having been settled.  Suit was instituted by filing a declaration, and

entering a rule to plead, on February 28, 1896. Default was entered on the 23d of November, 1896. At this date no proof was on file showing service upon the defendant. It is conceded that this was an irregularity for which judgment should be set aside. *Johnson* v. *Delbridge*, 35 Mich. 436. A return was subsequently (December 1, 1896) made, but this return failed to show service of notice of the rule to plead. It is contended by defendant's counsel that there was a failure to obtain jurisdiction, and that we should, in addition to reversing the judgment, enter a judgment in this court for defendant. The plaintiff has entered a motion to remand the record, for the purpose of having an amended return filed; stating, however, that if the court reverses the judgment, and remands the record, this will be satisfactory, as the plaintiff will then have an opportunity of presenting his application to the court below. This course will be taken. The motion will be denied, without costs, the judgment reversed on defendant's appeal, and the record remanded for such proceedings as may be advised.

The other Justices concurred.