## WHIRL v. REINER.

1. PROCESS—RETURN—IRREGULARITY—DEFAULT JUDGMENT—MOTION TO VACATE—APPLICABILITY OF COURT RULE.

Defendant's motion, made after the lapse of six months, to vacate a default judgment and open the default, was improperly denied on the ground that it was controlled by Circuit Court Rule No. 32, § 4, where it appears that the sheriff's return showing personal service of the declaration was irregular in that it was not attached to the declaration, since said rule applies only where the default is regularly filed.[1]

[1] Judgments, 34 C. J. § 486.

2. SAME—JURISDICTION NOT INVOLVED.

Since the question involved is one of irregularity rather than jurisdiction, it is immaterial that the defendant was personally and lawfully served, where the files of the court lacked the proper proof thereof on the day of the default.[2]

Error to Wayne; Jayne (Ira W.), J.  Submitted October 10, 1924.  (Docket No. 73.)  Decided December 10, 1924.  Rehearing denied April 3, 1925.

Case by Alvin M. Whirl against Fred Reiner for personal injuries.  From an order denying a motion to vacate a judgment for plaintiff by default, defendant brings error.  Reversed, and default set aside.

*Lightner, Oxtoby, Hanley & Crawford,* for appellant.

*Fred L. Vandeveer* and *Ben O. Shepherd,* for appellee.

BIRD, J.  Plaintiff took a default judgment in the Wayne circuit court against defendant in a personal injury case.  Upwards of six months thereafter defendant filed a motion to vacate the judgment and open the default.  The motion was denied and defendant brings the matter to the attention of this court by writ of error.

From the record it appears that suit was commenced by declaration, and a copy thereof was personally served on the defendant.  The sheriff's return of service was filed.  There being no appearance by defendant his default was entered, and subsequently a judgment was taken against him for $12,500.  After a lapse of six months execution was issued and a levy made upon his property.

We think it fairly appears that the court would have granted defendant's motion had it not felt that the matter was concluded by the following court rule:

---

[2]Judgments, 34 C. J. § 486.

"In all cases where personal service shall have been made upon a defendant, and proceedings taken after default on the strength thereof, his default shall not be set aside unless the application shall be made within six months after such default is regularly filed." Circuit Court Rule No. 32, § 4.

Defendant makes the point that the foregoing rule does not apply because on the date when the default was entered there was no such proof of service of the declaration as the practice requires, and, therefore, the default was not regularly filed.

It appears that the officer did not indorse his return on a copy of the declaration before filing, but filled out what is called a "sheriff's return declaration," in the following form, and filed it:

"STATE OF MICHIGAN, ⎰
"County of Wayne.  ⎱ ss.

"I hereby certify and return, that on the 25th day of April, A. D., 1923, I served the declaration of which the within is a copy, on Fred Reiner, the defendant named in said declaration, by delivering to Fred Reiner, said defendant, at the city of Detroit, in said county of Wayne, a true copy thereof, and of the foregoing rule to plead, the notice relating thereto, together with a true copy of the notice to appear and plead, attached thereto, as hereto attached."

After the motion was made to set aside the default plaintiff filed an affidavit of the officer in which he states that he attached the return to a copy of the declaration with a "metal paper clip," but he further testifies that subsequently he examined the files and found that it was not attached, and that the copy of the declaration to which it was attached was missing from the files.

It is said the paper upon which the return was made bears no evidence of pin holes or compression by a metal clip.    Nor does it bear any evidence of having been annexed to any other paper.    We may

say that considering the whole record we are persuaded that on the day of default the return was not annexed to a copy of the declaration. If it were not, the return was irregular, and did not satisfy the requisite prescribed by Rule 32 for entering a default. The affidavit of the officer filed since default explains that the return was attached to a copy of the declaration when filed. That fact would help to cure the irregularity now, but the difficulty is it was not on file on the day of default to explain the irregularity.

If parties are desirous of relying on and getting the benefit of the six-months rule they should see that the default is regularly entered. Unless the files show proper proof of service of process the default is irregular, though service has been actually and lawfully made.

The question of jurisdiction of the court has been discussed by counsel. The question is not one of jurisdiction but one of irregularity. There is no question but defendant was personally and lawfully served, but the difficulty is the files of the court on the day of default lacked the proper proof of it. In view of these considerations we think the six-months rule is not applicable.

The final order of the trial court will be reversed and one entered therein setting aside the judgment and opening the default on such terms as the trial court may think just and equitable.

No costs will be allowed either party in this court.

CLARK, C. J., and MCDONALD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.