### STANCZUK v. PFENT.

JUDGMENT—PROCESS—RETURN—DEFAULT JUDGMENT.
> Where, at the time a default judgment was entered, there was not a return of service of the declaration, as required by 3 Comp. Laws 1915, § 12441, defendant's motion to set it aside should have been granted, although made more than six months after its entry.[1]

Error to Wayne; Merriam (De Witt H.), J.  Submitted June 10, 1925.  (Docket No. 24.)  Decided July 16, 1925.  Rehearing denied October 1, 1925.

Case by Wladyslaw Stanczuk against Joseph Pfent

---

[1] Judgments, 34 C. J. §§ 365, 495.

231—Mich.—44.

for personal injuries.    From an order denying a motion to vacate a judgment for plaintiff by default, defendant brings error.    Reversed, and default set aside.

*Veno E. Sacre,* for appellant.

*Walter H. Domzalski* and *Harry J. Lippman* (*Ernest W. Ver Wiebe,* of counsel), for appellee.

CLARK, J.    Suit was commenced by declaration. There was judgment by default.    More than six months after entry of default defendant moved to set it aside, showing, as we find, that at the time of entry of default there was not a return of service of the declaration, as the practice requires.    3 Comp. Laws 1915, § 12441.    The motion by order was denied. Defendant brings error.

In facts and in applicable law the case is like *Whirl* v. *Reiner,* 229 Mich. 114.    The default was irregular and, under the holding in the *Whirl Case,* ought to have been set aside.    No other question merits discussion.

The order, the judgment, and the default are set aside, and defendant permitted to plead on terms to be fixed by the trial court, with costs to appellant.

MCDONALD, C. J., and BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.