MACK INTERNATIONAL TRUCK CORP. *v.* PALMER.

1. JUDGMENT—MOTION TO VACATE—DISCRETION OF COURT.
   Motion to vacate judgment is addressed to discretion of trial court.

2. APPEAL AND ERROR—LEAVE TO APPEAL—DISMISSAL.
   Appeal from order denying motion to set aside judgments is dismissed, where no leave to appeal had been granted, and time for appeal from judgments had expired (Court Rule No. 57, §§ 1, 2).

Appeal from Wayne; Runnels (Herbert W.), J., presiding. Submitted April 7, 1932. (Docket No. 43, Calendar No. 36,353.) Decided June 6, 1932. Rehearing denied September 14, 1932.

Replevin by Mack International Truck Corporation, a New York corporation, against William Palmer and others. Judgment for plaintiff. On motion to dismiss appeal from order denying motion to set aside judgment as to surety on replevin bond. Appeal dismissed.

*Kelly, Kelly & Kelly,* for plaintiff.

*Wm. Henry Gallagher* (*S. Reymont Paul,* of counsel), for defendant Leontine Pantos.

FEAD, J. February 26, 1931, judgments in replevin, for value on waiver of return of property, were entered against the principal defendant and the sureties on his replevin bonds. One of the sureties was Leontine Pantos, now sole appellant, a married woman. She did not appeal from the judgments, but, on March 18th, filed motion to set them

aside on the ground that, being a married woman, she was not liable on the bonds. The motion was denied July 16th. August 8th, appellant filed notice of appeal from an order denying the motion to set aside the judgments. Plaintiff moved to dismiss the appeal.

Appellant took appeal as of right. The time for appeal from the judgments had expired. Court Rule No. 57, § 1. A motion to vacate a judgment is addressed to the discretion of the trial court. 34 C. J. p. 364. Appeal from the order may be had only by leave of court, and, there having been no leave granted, the appeal must be dismissed.

Moreover, the record contains no showing upon which a leave to appeal would be justified, either in the nature of delayed appeal, under Court Rule No. 57, § 2, nor of mandamus for abuse of discretion of the court. Appellant sets up no facts to excuse the failure to appeal from the judgments nor is it shown that in the replevin suit she raised the defense of her coverture. *Wilson* v. *Coolidge,* 42 Mich. 112.

The appeal is dismissed, with costs.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, WIEST, and BUTZEL, JJ., concurred.