BURK *v.* AMOS.

1. APPEAL AND ERROR—LEAVE TO APPEAL—DISMISSAL.

Where no leave to appeal was applied for or granted, appeal would be dismissed, on motion therefor.

2. ATTORNEY AND CLIENT—ESTOPPEL—FRAUD—JUDGMENT.

Approval of decree entered on defendant's default, and acceptance of benefits thereunder by defendant's attorney, *held,* to estop defendant from attacking it for want of service of process, where no claim is made of fraudulent conduct on part of defendant's attorney.

POTTER, J., dissenting.

Appeal from Wayne; Moll (Lester S.), J. Submitted October 27, 1932. (Docket No. 51, Calendar No. 36,751.) Decided March 7, 1933.

Bill by Marion Burk against Robert H. Amos and another to foreclose a land contract and appoint a receiver. From order denying defendants' motion to set aside default, they appeal. Appeal dismissed.

*Robert T. Speed,* for plaintiff.

*Barbour & Martin,* for defendants.

SHARPE, J. The record does not disclose that the summons issued herein was served on the defendant Robert H. Amos. It does appear that a motion for the appointment of a receiver was made on November 8, 1930, and denied, conditionally, on November 11, 1930, and a petition to adjudge the defendants in contempt, heard and denied on December 6, 1930, and an order made appointing a receiver on December 11, 1930.

On January 5, 1931, an affidavit of plaintiff's attorney was filed, in which he stated:

"That on November 8, 1930, he was above the age of 21 years and of sound mind and discretion; that on said day he served a true copy of bill of complaint and application for appointment of receiver attached hereto, on Colin J. McRae, attorney, who voluntarily appeared for Robert H. Amos and Florence B. Amos, defendants herein, at Detroit, Michigan, by handing to said Colin J. McRae said true copy of said bill of complaint and application for appointment of receiver."

An order *pro confesso* was entered on that day and an affidavit of regularity on the following day. On January 9th defendants moved to set aside the default. This motion was based on the affidavit of their attorney, Colin J. McRae, in which he stated that his former appearance (a copy of which does not appear in the record) had been special and for the defendant Florence Amos alone, and denied that a copy of the bill of complaint and application for appointment of a receiver had been served on him, as averred in the affidavit of plaintiff's attorney above referred to. Attached to this petition was a copy of the joint answer of the defendants, verified by them. The docket entries show that this motion was dismissed on January 17th, but the order to that effect, which would doubtless disclose the reason therefor, is not in the record.

The docket entries also disclose that on January 17th the cause was heard "and decree for plaintiff ordered;" that on January 26th a "motion to set aside default of defendant granted, upon payment of $100 by January 28, 1931." Apparently this payment was not made, and on January 28th the decree

was signed and filed, and enrolled on February 20th. It recites:

"This cause having come on to be heard upon the pleadings and proofs taken therein in open court, and the court being advised in the premises, it is found that the allegations in the bill of complaint are true."

It fixed the amount due on the land contract, and ordered payment of the same. It further provided that the moneys paid to the clerk of the court by the receiver should be paid out by him—

"One-half to Abraham Slutsky and Samuel D. Frankel, attorneys for plaintiff herein, and one-half to Colin J. McRae, attorney for defendants herein."

Below the signature of the trial judge thereto appears the following:

"We hereby approve the above decree.
                        "ABRAHAM SLUTSKY,
                            "Attorney for plaintiff.
                        "COLIN J. McRAE,
                            "Attorney for defendants,
                                "ROBERT H. AMOS and
                                "FLORENCE B. AMOS.
                                "February 20, 1931.

"Rec'd. of Thomas Farrell, county clerk, ck. $124.83.
                        "ABRAHAM SLUTSKY,
                            "Attorney for plaintiff.
                            "February 20, 1931.

"Rec'd. of Thomas Farrell, county clerk, ck. $124.84.
                        "COLIN J. McRAE,
                            "Attorney for defendants."

On March 23, 1931, the defendants, appearing by their present attorneys, petitioned the court to set aside and vacate the decree for the reason that "no

service of process was ever made on the defendant, Robert H. Amos," and the court was without jurisdiction to render it. This petition was supported by the affidavit of Robert H. Amos, who deposed "that no process was ever served upon him," and that "he is informed that no appearance was ever entered in said cause for him." An affidavit of one of defendants' attorneys, verifying the docket entries in the case, was also attached. After a hearing thereon, an order was made denying the petition, on June 8, 1932. It is from this order that the defendants have taken this appeal.

No leave to appeal was applied for or granted. Under our holding in *Mack International Truck Corp.* v. *Palmer,* 259 Mich. 234, the appeal would have been dismissed had motion been made therefor.

But, without disposing of it for this reason, we may say that the approval of the decree and the acceptance of benefits under it by counsel for both defendants estop the defendant Robert H. Amos from attacking it where no claim is made of fraudulent conduct on the part of the attorney who assumed to act for him.

The appeal is dismissed, with costs to appellee.

McDONALD, C. J., and CLARK, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred with SHARPE, J.

POTTER, J. (*dissenting*). I accept the statement of facts made by Mr. Justice SHARPE. No proper proof of service of the summons is on file in the office of the clerk of the court, and no summons was served upon the defendant Robert H. Amos. Decree was taken by default. The questions involved are fundamental. Jurisdiction is the power conferred upon a court for the public good, on account of the necessity of dispensing justice. This was the opinion of

Lord Coke, expressed in 10 Coke, 73a. Jurisdiction of a particular party or proceeding must affirmatively appear of record. From the record alone the court acquires jurisdiction, certainty in which record is necessary. This mandatory record is the warrant of certainty and the measure of authority of the court. It is the essential basis of due process of law. Jurisdiction is not ambulatory but fixed. What ought to be of record must be proved by the record and by the right record. The existence of a record is mandatory because essential in any government which makes even a pretense of protection of parties by the rules of former adjudication, prior acquittal, collateral attack, and due process of law. This essential record is, in our law, the basis of the vindication of constitutional guaranties. It is the permanent evidence of authorized judicial action; the repository of truth, whether of the present or of antiquity. These maxims are ancient and under constitutional government have been repeatedly restated and reaffirmed.

"A record is a memorial of a proceeding or act of a court of record, entered in a roll for its preservation; a memorial or history of judicial proceedings in a case, commencing with the writ or complaint and ending with the judgment. It is universally required that the higher or more important courts shall keep such records, the object being to secure an accurate memorial of all the proceedings in the case so that persons interested may ascertain the exact state thereof; and all orders of court not entered of record are extrajudicial and void." 15 C. J. p. 971.

In *Whirl* v. *Reiner,* 229 Mich. 114, judgment was entered by default against defendant, who moved to set it aside. The court found defendant was served with process, but said:

"There is no question but defendant was personally and lawfully served, but the difficulty is the files of the court on the day of default lacked the proper proof of it."

Why was defendant's default set aside? Because a mandatory record of service of process was a necessary prerequisite of jurisdiction, and no valid default could be entered without such record. The record of service was not on file. No calendar entry thereof appeared in the records and files of the court. This court, at that time, recognized the principles of law above stated, which lie at the foundation of regular judicial procedure.

In *Stanczuk* v. *Pfent,* 231 Mich. 689, it was said:

"Suit was commenced by declaration. There was judgment by default. More than six months after entry of default defendant moved to set it aside, showing, as we find, that at the time of entry of default there was not a return of service of the declaration, as the practice requires. 3 Comp. Laws 1915, § 12441. The motion by order was denied. Defendant brings error.

"In facts and in applicable law the case is like *Whirl* v. *Reiner,* 229 Mich. 114. The default was irregular, and, under the holding in the *Whirl Case,* ought to have been set aside. No other question merits discussion."

This case was followed by *Stanczuk* v. *Pfent,* 231 Mich. 691. The right to enter a default of defendant must be determined from the face of the record. *Westlawn Cemetery Ass'n* v. *Wayne Circuit Judge,* 238 Mich. 119. Before defendants' default could be entered, their appearance in the case must have affirmatively appeared of record. No valid default could be entered so long as that record was incomplete. It makes no difference whether defendants

were served with process or not. Though they were served with process, if the proof of service did not appear of record, no valid default could be entered. As said in *Rosen* v. *Wayne Circuit Judge*, 244 Mich. 397:

"The facts justifying the default should appear of record." Citing *Whirl* v. *Reiner, supra; Anderson* v. *Cole*, 114 Mich. 637; 1 Abbott's Cyc. Mich. Practice (2d Ed.), p. 479.

The record imports verity. It cannot be varied by parol evidence within the jurisdiction of the court, nor is it subject to collateral attack. 15 C. J. p. 979. And any other holding substitutes uncertainty for certainty, makes conclusive evidence questionable, and verity impeachable.

The judgment should be reversed, with costs.