TOLEDO PIPE ORGAN COMPANY v. PARADISE THEATRE COMPANY.

1. APPEAL AND ERROR—LEAVE TO APPEAL—MOTION TO DISMISS.
    On appeal, without leave, from order denying motion to vacate default and judgment, issues raised on the appeal are considered where no motion to dismiss the appeal has been made.

2. REPLEVIN—PLEADING—POSSESSION—PIPE ORGAN.
    Where declaration in replevin alleged plaintiff was the owner and entitled to the possession of pipe "organ, including all equipment forming a part of the instrument such as * * * organ heating units" and stipulation setting aside judgment but not default admitted plaintiff was entitled to possession of the goods and chattels as alleged in plaintiff's declaration, the question as to whether plaintiff is entitled to certain organ

heating units is foreclosed from consideration on rehearing and defendant's claim in such respect without merit under the record presented.

3. Same—Pleading—Amendment—Demand.

Declaration in replevin may be amended as to time of demand and refusal, so as to conform to proofs, even in the Supreme Court (Court Rules No. 19, § 4; No. 72 [1945]).

4. Same—Damages—Detention.

Damages allowed for unlawful detention of pipe organ *held,* supported by proofs as to time of demand and refusal in replevin action.

5. Same—Damages—Evidence.

In replevin action to obtain pipe organ and its equipment theretofore installed in defendant's theater building, amount of judgment for damages *held,* sustained by ample competent testimony.

Appeal from Wayne; Moynihan (Joseph A.), J. Submitted April 8, 1947. (Docket No. 3, Calendar No. 43,491.) Decided June 27, 1947.

Replevin by Toledo Pipe Organ Company, an Ohio corporation, against Paradise Theatre Company, a Michigan corporation, to recover a pipe organ. Judgment for plaintiff. Defendant appeals. Affirmed.

*Armstrong, Weadock, Essery & Helm (Richard G. Eubank,* of counsel), for plaintiff.

*Moll, Desenberg & Purdy,* for defendant.

Boyles, J. Preliminary to consideration of the merits of this appeal, appellee claims that the appeal is not properly here, having been taken without leave of this Court. Appellee relies on *Mack International Truck Corp.* v. *Palmer,* 259 Mich. 234. In that case, like the situation here, an appeal was taken as of right from an order denying a motion

to vacate a judgment. But in that case a motion to dismiss the appeal was made in this Court, and granted. In the instant case no such motion has been made. This brings the situation within *Burk* v. *Amos,* 262 Mich. 332, where an appeal was taken, without leave, from an order denying a motion to set aside a default. In that case the Court said (p. 335):

"No leave to appeal was applied for or granted. Under our holding in *Mack International Truck Corp.* v. *Palmer,* 259 Mich. 234, the appeal would have been dismissed had motion been made therefor."

We therefore consider the issues raised on this appeal. They concern a judgment for value of certain property and for damages for detention, in a replevin case. In 1941 the defendant Paradise Theatre Company purchased the real estate and building located at 3711 Woodward avenue, Detroit, formerly known as Orchestra Hall. The building contained a large pipe organ which had been installed by its previous owner at a cost of $175,000. The defendant has made no claim of ownership of the pipe organ, and concedes that it belonged to the Detroit Trust Company through an earlier retention of ownership by its donor. In February, 1942, the pipe organ was sold by the trust company to the plaintiff herein. The defendant does not dispute plaintiff's ownership of the pipe organ and its appertaining equipment. The dispute here is over the damages for unlawful detention. At the time plaintiff purchased the pipe organ in February, 1942, its president conferred with the defendant regarding its removal and at defendant's request the plaintiff consented to wait until summer for removal, until defendant's theater was closed for the

summer. In June, 1942, plaintiff took a crew of six men to defendant's theater to dismantle and remove the pipe organ and appurtenances. The defendant refused to let the workmen in, denied plaintiff access to the organ. During the summer plaintiff's president sought at various times to remove the pipe organ; he testified:

"He (Mr. Cohn, the defendant owner of the theater) ordered me out time after time, and then when I went in the fall it was the same condition.

"Then I signed a contract with the Calvary Presbyterian Church in Detroit for a little over half' of the organ at a figure of $27,500. I told Mr. Cohn about the contract and that I simply had to have it and he said 'You can't come in here and interfere with our business, you got to take it out in the summer time.' Mr. Essery (plaintiff's attorney) then got an appointment with Mr. Cohn and we had a long talk of two or three hours in March of 1943. At that time we asked Mr. Cohn to let us have it without legal proceedings, and subsequent to that we started suit in replevin."

Plaintiff filed declaration in replevin in the instant suit April 9, 1943. Service of the writ and declaration was made, and part of the organ and equipment was removed by the sheriff under the writ. The defendant did not enter its appearance or file an answer, and on June 4, 1943, default was regularly taken. Testimony was taken by the court, plaintiff waived return of certain heating equipment which had not been removed, testimony as to value and damages for detention was taken, and judgment for plaintiff entered March 14, 1944, for $1,600 found by the court to be the value of heating equipment, $1,604 damages by reason of unlawful detention, and $252.50 taxed costs.

Ten'days later counsel for the defendant filed a

motion to set aside the default and the judgment. Thereupon counsel for the parties filed a stipulation, the material part of which is as follows:

"The judgment heretofore entered March 14th, 1944, in the above entitled cause shall be vacated and set aside and this cause set down for rehearing.

"The plaintiff is entitled to possession of the goods and chattels as alleged in plaintiff's declaration and a judgment for the same shall be entered upon rehearing. * * *

"That said rehearing be granted for the purpose of determining whether the amounts assessed as damages in the amount of $1,604 and as value in the amount of $1,600 are proper."

Thereupon the court entered an order setting aside the judgment, and directing that the cause be set down for rehearing, "for the purpose of determining whether the amounts assessed as damages in the amount of $1,604 and as valued (s?) in the amount of $1,600, are proper."

It is important to note that in accordance with the stipulation the order sets aside the judgment but does not set aside the default, or permit issue to be joined and a new trial held on the question whether the plaintiff was entitled to the possession of the goods and chattels as alleged in plaintiff's declaration. The declaration alleged that the plaintiff was the owner and entitled to possession of the following goods and chattels:

"Casavant organ, including all equipment forming a part of the instrument such as pipes, chests, bellows, expression shutters, cables, swell boxes, three motors, two blowers, motor generator, magnetic switches, starting switches, wiring, thermostatic controls and organ heating units as installed by Mr. Murphy in Orchestra Hall, now known as the Paradise Theatre, 3711 Woodward avenue."

The issue of fact which appellant sought to reopen at the rehearing in the circuit court, and now raises here, as to whether plaintiff is entitled to certain organ heating units, has been foreclosed by the stipulation.

On the questions as to the value of the heating units and the damages for detention, on the rehearing much testimony was received by the trial judge. We find that appellant's claim regarding the organ heating units—that they do not belong to the plaintiff or that the value was not properly determined by the court—is without merit.

Appellant's main contention is directed to the amount of damages found by the trial judge for unlawful detention. In that connection, appellant claims that plaintiff cannot recover damages for detention prior to March 18, 1943, on the ground that no demand for possession had been made by plaintiff prior to that date. This contention is partly based on a claim that the declaration did not allege that a demand for possession was made prior to that date. The proof as to when possession was demanded refutes appellant's claim. In June, 1942, plaintiff attempted, with a crew of six workmen, to obtain possession of the pipe organ, and at that time the defendant definitely refused plaintiff the possession. Defendant's refusal at that time, continuously maintained thereafter until possession was obtained by the officer who executed the writ of replevin, forms the basis of plaintiff's claim for damages for the detention. The declaration alleges that on March 18, 1943, the plaintiff through its agent and attorney, "and personally at other times," requested defendant to surrender possession. If necessary, the declaration as to the time of the demand and refusal may be considered amended to conform to the proofs (Court Rule No. 19, § 4

[1945]), and such amendment may be allowed by this Court. Court Rule No. 72 (1945). Based on the time of the demand and refusal, the amount found as damages for unlawful detention is supported by the proofs.

The circuit judge, on rehearing the question of damages, again entered judgment for the same amount as originally found. There is ample competent testimony in the record to support the conclusion. A recapitulation of the testimony is not essential to decision. It is clear that the testimony does not preponderate in the opposite direction.

Judgment affirmed, with costs.

Carr, C. J., and Butzel, Bushnell, Sharpe, Reid, North, and Dethmers, JJ., concurred.