WHITE v. MOUNT BEULAH BAPTIST CHURCH.

1. RELIGIOUS SOCIETIES—ELECTION OF OFFICERS—COURTS.

A court order requiring the holding of an election by church members to fill various church offices, and to be held under the supervision of a referee appointed by the court, and which did not contemplate action affecting property rights was void since it constituted judicial interference with the internal government of the church with reference to ecclesiastical matters.

2. COSTS—JUDICIAL INTERFERENCE WITH ECCLESIASTICAL MATTERS OF CHURCH.

On reversal of an order which constituted an improper judicial interference with ecclesiastical matters of a church and remand of case for further proceedings consistent with opinion, no costs are allowed.

Appeal from Wayne; Richter (Theodore J.), J. Submitted August 26, 1947. (Calendar No. 43,797.) Decided December 3, 1947.

Bill by Maggie White and others against the Mount Beulah Baptist Church, a Michigan corporation, and others for mandatory injunction requiring the holding of an election. Order entered requiring the holding of such election. Defendants appeal. Reversed and remanded.

*Harry N. Grossman* (*J. Leonard Hyman,* of counsel), for plaintiff.

*Donald A. Wallace,* for defendants.

DETHMERS, J.   Plaintiffs filed their bill of complaint on December 27, 1946, alleging that they are members of the defendant Mount Beulah Baptist Church; that the individual defendants named purport to act as trustees, officers, minister and assistant minister, respectively, of the church; that the bylaws of the church require an election of officers annually on the Friday evening preceding January 1st of the following year; that the defendants failed and refused to call such an election for December 27, 1946, as required by the bylaws; and praying for an accounting, for suspension of the individual defendants from their respective church offices during pendency of the cause, and for a mandatory injunction requiring defendants to call an election of officers by the qualified members of the church under the supervision of the court.

By their answer the defendants deny that plaintiffs, with two exceptions, are members of the church, assert that they have lost such membership by reason of nonpayment of dues, and, further, allege that an election of officers was held by the members of the church on January 3, 1947, in accord with the bylaws requiring such election to be held on the Friday night preceding the first' Sunday of the new year, and that the individual defendants are the duly elected officers and the ministers, respectively, of the church.

An order to show cause why a mandatory injunction should not be granted as prayed for in plaintiffs' bill of complaint issued and was brought on for hearing on January 13, 1947.   On March 28, 1947, the court ordered that the defendants submit forthwith to plaintiffs' attorney a correct list of the membership of the church, that testimony be taken before a notary public as to the membership status of the plaintiffs, and that, after determination by

the court of the qualified membership of the church, an election of officers by such qualified members be held under the supervision of a referee appointed by the court. From this order, upon leave granted by this Court, defendants appeal.

Defendants state the question involved as follows:

"Has the court jurisdiction to inquire into the regularity of a church election and determine who are qualified members for this purpose?"

Plaintiffs' counter-statement of the question involved reads:

"The sole question confronting this Court is: Has a court of equity jurisdiction and power to order the holding of an election where it has made a finding that such election in an ecclesiastical organization was not held in pursuance of the bylaws and constitution of said ecclesiastical corporation?"

Subsequent to the trial court's order the opinion of this Court was handed down in *Berry* v. *Bruce,* 317 Mich. 490, in which the authorities on the general question here presented are fully reviewed. We deem the reasoning of that opinion to be applicable in the instant case. As in the *Berry Case,* the order here appealed from does not contemplate action affecting property rights, but constitutes judicial interference with the internal government of the church with reference to ecclesiastical matters.

The order is reversed and the cause remanded for such further proceedings, not inconsistent herewith, as may be indicated by the pleadings.

No costs are allowed. See *Berry* v. *Bruce, supra.*

Carr, C. J., and Butzel, Bushnell, Sharpe, Boyles, Reid, and North, JJ., concurred.