UNITED ARMENIAN BRETHREN EVANGELICAL CHURCH
v. KAZANJIAN.

1. APPEAL AND ERROR—CHANCERY CASES—DE NOVO REVIEW—INTERRUPTED HEARING—RECORD.

While a chancery case is heard *de novo* by the Supreme Court, where hearing was interrupted by trial judge and a church election ordered to be held by him, whether or not plaintiff church was entitled to relief prayed could not be determined under incomplete proofs submitted for consideration by Supreme Court.

2. RELIGIOUS SOCIETIES—JUDICIAL INTERFERENCE IN ECCLESIASTICAL MATTERS—PROPERTY.

While judicial interference in the purely ecclesiastical affairs of religious organizations is improper, property rights are the concern of the courts.

3. SAME—JUDICIAL INTERFERENCE IN ECCLESIASTICAL MATTERS—PROPERTY.

Order of court which required members of a church to hold an election as to property matters then being adjudicated in court under rules set up by the court, instead of hearing the case, was an improper judicial interference with the internal management of the church in ecclesiastical matters.

4. SAME—DETERMINATION OF PROPERTY RIGHTS.

 Property rights of litigants claiming a church property should be determined by a trial court after opportunity for both sides to present their proofs.

5. APPEAL AND ERROR—QUESTIONS REVIEWABLE—INTERLOCUTORY ORDER—FINAL ORDER.

 Where suit between parties claiming a church property was interrupted by order of trial court requiring the holding of an election to determine property rights, such order, made before both sides had fully presented their proofs, was not·an interlocutory order requiring leave to appeal, but a final and appealable order since if it had been carried out it would definitely and finally dispose of certain issues involved in the controversy, hence issue raised on the appeal as to propriety of such order was determinable by the Supreme Court.

6. COSTS—JUDICIAL INTERFERENCE WITH ECCLESIASTICAL MATTERS OF CHURCH.

 On reversal of an order which constituted an improper judicial interference with ecclesiastical matters of a church and remand of case for further proceedings, no costs are allowed.

Appeal from Wayne; Richter (Theodore J.), J. Submitted January 8, 1948. (Docket No. 29, Calendar No. 43,876.) Decided February 16, 1948.

Bill by United Armenian Brethren Evangelical Church against Anna Kazanjian and another to set aside a deed and to quiet title. Order entered requiring an election. Plaintiff appeals. Order set aside and case remanded for hearing on merits.

*J. Gilbert Quail,* for plaintiff.

*Bevan, Walter & Zwerdling,* for defendants.

BOYLES, J. Plaintiff filed a bill of complaint in the circuit court for the county of Wayne in chancery, alleging that it is an ecclesiastical corporation, and that in March, 1940, a warranty deed of plain-

tiff's church property had been unlawfully and fraudulently obtained and secretly recorded by the defendant Anna Kazanjian, without consideration, whereby the defendant Armenian Full Gospel Church claims to own said church property. The bill prayed that the deed be set aside, that the defendants account for money collected for church purposes and be enjoined from interfering with the members of the plaintiff church while worshipping in said church premises.

The defendants filed joint and several answers, issues were joined and the case heard in part by the trial judge. After some of plaintiff's witnesses had testified, the trial judge announced:

"This case will be adjourned to the 16th of June. On the 15th of June there will be an election held. All the members of the United Armenian Brethren Evangelical Church and also the Armenian Full Gospel Church will vote on whether or not this property shall be transferred from the Armenian Brethren Evangelical Church to the Armenian Full Gospel Church. All members, the paying members who were members of the United Armenian Brethren Evangelical Church and Armenian Full Gospel Church in 1939 shall vote on it and the court will be controlled by their vote. I hope that you will come to an understanding in the transfer of this property."

Thereupon an order for said adjournment was entered in the cause, directing that an election be held in the church building on a certain date, under certain conditions, stating the question to be voted on, and directing who might vote in said election. The first order, as entered, directed that the election be conducted in accordance with the bylaws, which provided for decision by a two-thirds vote.

The order was later amended by the trial judge to provide that:

"A majority of the votes cast by the aforedescribed eligible members, who are present at the time and place set for the said election, shall govern the election."

From this order the plaintiff filed a claim of appeal, without obtaining leave therefor. The printed record and briefs have been filed and the case submitted here on briefs without oral argument.

The appellant, for reversal, claims that if it had been permitted to proceed and present its entire case and had successfully proven all the allegations set out in its pleadings, it would have been entitled to the relief prayed for. Although this is a chancery case which we hear *de novo,* it is obvious that no determination of the above question could be made here, in the absence of such full proofs. The essential question here is whether the plaintiff should have been permitted to proceed with its proofs, and was the trial court in error in ordering the holding of an election, under rules set up by the court, instead of hearing the case.

This situation has recently had the consideration of this Court, and decisions were rendered which control the instant case. Judicial interference in the purely ecclesiastical affairs of religious organizations is improper. Property rights, however, are the concern of the courts. *Berry* v. *Bruce,* 317 Mich. 490; *White* v. *Mount Beulah Baptist Church,* 319 Mich. 392.

In the case at bar, the order was an improper judicial interference with the internal management of the church in ecclesiastical matters. The question of property rights should have been deter-

mined by the trial court, after opportunity for both sides to present their proofs. For these reasons, the order directing the holding of an election must be set aside.

The appellees now make the claim in their brief, for the first time, that the order appealed from was interlocutory, and as such was not appealable without leave having been first obtained. Appellees made no motion to dismiss the appeal. Had such motion been made, it is probable that the motion would have been denied, as was done in *Berry* v. *Bruce, supra,* for the reasons announced therein at page 497. We therefore consider the issue raised on this appeal. See *Toledo Pipe Organ Co.* v. *Paradise Theatre Co.,* 318 Mich. 342, 344.

The order complained of is set aside and the case remanded for hearing on the merits. No costs allowed.

Bushnell, C. J., and Sharpe, Reid, North, Dethmers, Butzel, and Carr, JJ., concurred.