MOUNT BEULAH BAPTIST CHURCH *v.* HUBERT.

1. EQUITY—INTERLOCUTORY DECREE—RESERVATIONS—FINAL DECREE.
   In suit between two opposing factions of a church, wherein plaintiff faction petitioned for entry of final decree and supported its petition with affidavits, and court had reserved power to do so in interlocutory decree, entry of final decree was justified.

2. RELIGIOUS SOCIETIES—PASTORS—ELECTIONS—COURTS.
   A court may not permanently enjoin members of a church from taking future steps to oust its pastor and assistant pastor and from participating in a future election or bringing about the election of different trustees in accordance with the rules of the church.

REFERENCES FOR POINTS IN HEADNOTES
[2] 45 Am. Jur., Religious Societies, §§ 40, 41.
[3] 14 Am. Jur., Costs, § 11.

3. Costs—Failure of Either Side to Prevail in Full.
> No costs are allowed in suit between factions of a church where neither side has prevailed in full.

Appeal from Wayne; Callender (Sherman D.), J. Submitted April 6, 1948. (Docket No. 6, Calendar No. 43,620.) Decided November 12, 1948. Rehearing denied December 17, 1948.

Bill by Mount Beulah Baptist Church, a Michigan corporation, against James Hubert and others to restrain interference with conduct of church. Decree for plaintiff. Defendants appeal. Modified and affirmed.

*Donald A. Wallace* (*Pliny W. Marsh,* of counsel), for plaintiff.

*Harry N. Grossman* (*Joseph B. Beckenstein,* of counsel), for defendants.

Reid, J. The bill of complaint was filed in this case in the name of a corporation by one of two factions in the Mount Beulah Baptist Church in Detroit to enjoin the defendants, members of the other faction (which will be termed the defendant faction), from interfering with the possession of the church property and use thereof for purposes of worship by the corporation formed by the first above named faction (which will be termed the plaintiff faction).

The affairs of this particular church have been before us in *White* v. *Mount Beulah Baptist Church,* 319 Mich. 392.

The defendant faction filed an answer in which it denies the following allegations in the bill: That the plaintiff corporation has a legal right to represent the congregation of what is known as Mount Beulah Baptist Church; that all but two of defend-

ants were expelled from membership in the church and that plaintiff corporation was properly formed so as to rightfully be considered as representing the congregation of the church in question; and further, that the members of the board named in the bill as trustees of the church in question, were in fact elected by the congregation.

After a hearing the court made a decree, filed November 30, 1945, entitled "interlocutory decree," which recited that the material allegations of the bill of complaint are true, that plaintiff's counsel acted properly in causing the articles of association to be amended or a new charter adopted, and in causing a deed to be executed conveying the real estate from the old to the new corporation, and the decree ordered as follows:

"It is ordered, adjudged and decreed, by the court now here—but only with the force of an interlocutory decree, and reserving to this court the right to change or modify any of the following terms on motion of any party made after the expiration of 60 days from the date hereof—as follows:

"(a) That the defendants, and each of them, their agents and representatives, be restrained and enjoined from interfering or attempting to interfere in any shape or manner with the plaintiff corporation in the peaceful conduct of the said church and the conduct of religious services therein; from ousting or attempting to oust the ministers, Rev. John M. Hardwrick or his assistant, Rev. C. C. Bates, from said church; from locking or attempting to lock the doors of said church; and from in any way interfering with or preventing the said two ministers or either of them from the proper conduct of church services in the said Mount Beulah Baptist Church.

"(b) That the said Rev. John M. Hardwrick and the said Rev. C. C. Bates if they elect to conduct further services in said church be and hereby are

restrained and enjoined from in any way, shape or manner preventing any member of the said Mount Beulah Baptist Church from entering the church and performing his or her duties there, either in the Sunday school or any department of the church, and from dismissing or discharging or attempting to dismiss or discharge any member of that church during that period, and, if there are members of that church whom the said Rev. John M. Hardwrick has, since the last case tried before this court was determined (Mount Beulah Baptist Church v. Hardwrick, No. 367,157), discharged from that church, the said Rev. John M. Hardwrick is now enjoined and restrained from preventing those members from returning to the church and performing their duties there.

"(c) That the defendants deliver to the chairman of the board of trustees of the plaintiff corporation, Chester Jackson, the key or keys to the church building now in their possession.

"(d) The purpose of this interlocutory decree is to fix the conditions of this church under which members of that church may take such proceedings, if they so desire, under the Baptist rules and regulations, as may be necessary for a determination of whether or not the present minister and assistant minister may longer continue in such pastorate and this question is to be determined, not by the court but by the expressed opinion of the majority of the members of that church, exercised in a proper manner and in accordance with the Baptist rules and regulations.

"(e) The entry of a final decree is deferred for 60 days as above provided. What kind of final decree is to be entered will depend upon the subsequent actions of the parties to this cause, and upon the application of either plaintiff or defendants for settlement of final decree."

No appeal was taken from the above so-called interlocutory decree by either plaintiff or defendants.

It does not clearly appear what pertinent matters occurred between the filing of such decree and December 28, 1945, when a meeting of at least some of the members of the congregation was held, at which a new board of trustees was undertaken to be elected and both the pastor, Hardwrick, and the assistant pastor, Bates, were declared ousted. Defendants claim the meeting was regularly called and due notice thereof given and the actions taken were valid actions of the congregation. Plaintiff faction denies the regularity of the meeting and also denies the validity of the actions taken.

Plaintiff faction attacked the regularity of the actions taken at the meeting in question of December 28, 1945, and petitioned the court for the entry of a "final" decree setting aside the actions taken at the meeting of December 28, 1945.

The final decree determined the action of December 28, 1945, was irregular, illegal and unauthorized and of no validity whatsoever, and that the election of officers claimed to have been held on January 4, 1946, was similarly invalid, and declared that the trustees which had been elected before December 28, 1945 were the duly elected trustees of the congregation. The final decree further permanently enjoined the defendants, their agents or representatives, from unlawfully interfering or attempting to interfere with the plaintiff corporation in the conduct of religious services and from ousting or attempting to oust the pastor and the assistant pastor.

Defendants' appeal is limited to a review of that portion of the final decree which nullified the election and in effect permanently restrained all future actions to oust the pastor Hardwrick and his assistant Bates.

In disposing of the question of the regularity of the action at the December 28, 1945, meeting, the

trial court determined the matter on sworn petition and affidavits only. There was a question raised as to title to real estate, at least as to who were the persons authorized to exercise control over the real property for the congregation as trustees.

Defendants filed no answer nor counter-affidavits in opposition to petition by plaintiff to enter final decree. The trial court in view of the provisions and reservations in the so-called interlocutory decree was justified in entering a final decree upon the showing made by the petition of plaintiff and affidavits supporting the petition. However, the final decree improperly permanently enjoins the defendants from taking any future steps to oust the pastor and assistant pastor and from participating in a future election or bringing about the election of different trustees. The decree to be entered herein will recognize that the members of the church, including the defendants, are entitled to oust the pastor and assistant pastor in any future proceeding permissible under the laws of the church without direction by a court and are permitted to elect trustees in accordance with the rules of the church.

As thus modified, the decree appealed from is affirmed. A decree will be entered in this Court in accordance with this opinion. Neither side having prevailed in full, no costs are allowed.

Bushnell, C. J., and Sharpe, Boyles, North, Dethmers, Butzel, and Carr, JJ., concurred.